| | |
|---|---|
| ABDUL CONTEH and<br>DADAY CONTEH<br>8527 O'Keefe Drive<br>Severn, Maryland 21144, | * IN THE<br>* CIRCUIT COURT<br>* OF MARYLAND |
| *Plaintiff,* | * FOR |
| vs. | * ANNE ARUNDEL COUNTY |
| SHAMROCK COMMUNITY<br>ASSOCIATION, INC.<br>7484 Candlewood Road, Ste. H<br>Hanover, MD 21076 | * Case No. C-14-185260<br>* |
| Serve on: | * |
| M. L. Herzberger, Jr.<br>7484 Candlewood Road<br>Hanover, MD 21076 | *<br>* |
| and | * |
| NAGLE & ZALLER, P.C.<br>7266 Lee Forest Drive, Ste. 102<br>Columbia, MD 20146 | *<br>* |
| Serve on: | * |
| P. Michael Nagle, Esq.<br>Nagle & Zeller, P.C.<br>7266 Lee Forest Drive<br>Ste. 102<br>Columbia, MD 20146, | *<br>*<br>* |
| *Defendants.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Now come Plaintiffs Abdul Conteh and Daday Conteh, by and through their attorneys, E. David Hoskins, Esq., Max F. Brauer, Esq., and The Law Offices of E. David Hoskins, LLC, and for their Complaint against Defendants, Shamrock Community

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

1

Association, Inc. and Nagle & Zaller, P.C., allege and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2. The Plaintiffs allege that the collection practices of Defendants violate the FDCPA, MCDCA and MCPA in their illegal efforts to collect a consumer debt. These collection practices include misstating in a Request for Writ of Execution the amount owed on a judgment obtained against the Plaintiffs.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

2

4. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5. The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006);

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

3

*Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7. The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

8. The MCPA prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–303, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id.* § 13–301(14)(iii).

## JURISDICTION AND VENUE

9. The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA and MCPA claims pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well in any state court of competent jurisdiction.

10. The Circuit Court of Maryland has personal jurisdiction over each Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102; 6-103(b)(1) and (2). Each Defendant is a domestic corporation that can be served with process in Maryland and regularly transact business in Anne Arundel County.

11. The Circuit Court for Anne Arundel County is the proper venue pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) & (b) because all Defendants carry on regular business in Anne Arundel County. Additionally, Anne Arundel County is the jurisdiction where the cause of action arose.

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

4

## PARTIES

12. Plaintiffs Abdul Conteh and Daday Conteh are individuals who at all relevant times has resided in Anne Arundel County, Maryland.

13. Plaintiffs Abdul Conteh and Daday Conteh are each a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as each is a natural person allegedly obligated to pay any debt, in this case condominium association fees for their primary residence. Plaintiffs Abdul Conteh and Daday Conteh are each a "person" as that term is defined by the MCDCA and the MCPA.

14. Defendant Nagle & Zaller, P.C., ("Nagle") is a professional corporation originated pursuant to the laws of Maryland. Nagle is also licensed as a debt collector in Maryland.

15. At all relevant times, Nagle acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs. Nagle regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

16. At all relevant times Nagle acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

17. Defendant Shamrock Community Association, Inc. ("Shamrock") is a corporation originated pursuant to the laws of Maryland.

18. Shamrock hired Nagle to collect debts on its behalf.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

19. Nagle represented Shamrock in a lawsuit brought against the Plaintiffs

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

5

and obtained a judgment on March 18, 2013 in the following amounts:

    $1,631.09    Judgment Principal
    $224.89    Pre-Judgment Interest
    $38.00    Costs
    $255.00    Other amounts

20. The total amount owed on this judgment was $2,148.00.

21. The judgment arises out of allegedly unpaid condominium assessments charged by Shamrock. These assessments are a "debt" as defined in 15 U.S.C. § 1692a(5) in that they arose out of a transaction in which the property that is the subject of the transaction was the Plaintiffs' principal residence and used primarily for personal, family, or household purposes.

22. The unpaid assessments are also a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

23. Nagle has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

24. By September 3, 2013, the Plaintiffs had made payments that reduced the total amount of the judgment owed to $1,483.96.

25. On September 3, 2013, Nagle, acting as attorney and agent for Shamrock, filed a Request for Writ of Execution in the District Court of Maryland for Anne Arundel County that falsely claimed that the amount of the judgment principal was $1,866.09. The Request also falsely claimed that the amount owed on the judgment was $1,748.98. The Defendants requested that the District Court issue a Writ of Execution directing the Sheriff of Anne Arundel County to levy the real property owned by the Plaintiffs in order to obtain $1,748.98 for the Defendants.

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

6

26. The false statements in the Request for Writ of Execution confused Plaintiffs. On September 11, 2013, Plaintiffs filed a Motion in the District Court of Maryland for Anne Arundel County to clarify the amount of the judgment.

27. Defendants also caused liens to be filed against the Plaintiffs' real property on April 23, 2009 (in the amount of $1,139.42); October 24, 2011 (in the amount of $693.00); and May 23, 2012 (in the amount of 853.80).

28. On September 12, 2013, Plaintiffs visited the Nagle office and paid the outstanding balance of $1,483.96 owed on the judgment and on the liens that had been filed against the Plaintiffs' real property.

29. Notwithstanding this payment in full, Defendants have failed to file a notice of satisfaction of the judgment and have also failed to withdraw the Request for Writ of Execution.

30. Defendants have also failed to correct the land records to release the liens that have been filed against the Plaintiffs' real property.

31. The conduct of Defendant Nagle violates the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1) which provide:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of --

(A) the character, amount, or legal status of any debt . . .

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

7

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt . . .

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

32. The conduct of Defendants Nagle and Shamrock also violated Md. Code Ann., Com. Law § 14-202(8) because the conduct constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

33. As a result of the Defendants' acts, the Plaintiffs became embarrassed and humiliated and otherwise suffered from emotional distress, stress, anger and frustration.

## COUNT I
### Violation of the Fair Debt Collection Practices Act

34. Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

35. In its attempts to collect the aforementioned judgment, Defendant Nagle materially violated 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1) of the FDCPA by filing a Request for Writ of Execution in the District Court of Maryland for Anne Arundel that falsely represented the amount of the judgment principal and the amount that remained unpaid.

36. In its attempts to collect the aforementioned judgment, Defendant Nagle

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

8

materially violated 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1) of the FDCPA by obtaining a lien against the Plaintiffs' real property in an amount that was greater than the amount owed by the Plaintiffs at the the time the lien was filed.

37. In its attempts to collect the aforementioned judgment, Defendant Nagle materially violated 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1) of the FDCPA by failing to file a notice of satisfaction of the judgment and lien releases once the judgment was paid in full on September 12, 2013.

38. As a direct consequence of Nagle's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from emotional distress, anger and frustration.

## COUNT II
### Violation of the Maryland Consumer Debt Collection Act

39. Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40. In their attempts to collect the aforementioned subject debt, Defendants Nagle and Shamrock materially violated § 14-202(8) of the MCDCA because the Writ of Execution filed by Nagle on behalf of Shamrock constitutes a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

41. In their attempts to collect the aforementioned subject debt, Defendants Nagle and Shamrock materially violated § 14-202(8) of the MCDCA because the lien filed against the real property owned by the Plaintiffs constitutes a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

42. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiffs suffered and continue to suffer from emotional distress, stress, anger and

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

9

frustration.

## COUNT III
### Violation of the Maryland Consumer Protection Act

43. Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

44. Plaintiffs are each a consumer as defined by the CPA, Md. Code, Com. Law § 13-101(c).

45. Section 13-303(5) of the CPA prohibits unfair or deceptive trade practices in the collection of consumer debts.

46. Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

47. Defendant Shamrock violated the CPA through its aforementioned violations of the MCDCA.

48. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from emotional distress, stress, anger and frustration.

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendants, as follows:

  a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in an amount in excess of $75,000.00;

  b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
BALTIMORE, MD 21202
410-662-6500

  c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

  d. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: February 3, 2014    Respectfully Submitted,

*[signature]*

E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
*davidhoskins@hoskinslaw.com*

*[signature]*

Max. F. Brauer, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
*maxbrauer@hoskinslaw.com*

TRUE COPY,
TEST: Robert P. Duckworth, Clerk
By: _____ Deputy

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500