**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **ABDUL CONTEH, ET AL.** | * |
| Plaintiffs, | * |
|  | * Case No. BPG-14-794 |
| v. | * |
| **SHAMROCK COMMUNITY ASSOCIATION, INC., ET AL.** | * |
|  | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Abdul and Daday Conteh ("plaintiffs") sue Shamrock Community Association, Inc. and Nagle & Zaller, P.C. (collectively, "defendants") for violations of the Fair Debt Collections Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA") in connection with their efforts to collect a consumer debt.  Currently pending are Defendants' Motion to Dismiss Amended Complaint ("Motion") (ECF No. 19), Plaintiffs' Memorandum in Opposition to Motion to Dismiss Amended Complaint Filed by Defendants Shamrock Community Association, Inc. and Nagle & Zeller [sic], P.C. and Request for Hearing ("Opposition") (ECF No. 20), and Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Amended Complaint (ECF No. 21).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons stated below, defendants' Motion (ECF No. 19) is hereby granted.

I.     **Background**

On or about November 11, 2011, defendant Shamrock Community Association, Inc. ("Shamrock"), represented by defendant Nagle & Zaller, P.C. ("Nagle & Zaller"), filed a lawsuit against plaintiffs in the District Court for Anne Arundel County ("District Court") for unpaid condominium assessments on plaintiffs' family home.[1]  (Pls.' Am. Compl. ¶¶ 20, 23.)  In its amended complaint, filed on or about August 13, 2012, defendant Shamrock demanded the following amounts from plaintiffs:

| | |
|---|---|
| $1,748.40 | Total Principal |
| $151.75 | Total Interest |
| $1,313.13 | Total Attorney's Fees |
| $118.00 | Total Court Costs |
| $394.00 | Total Other Costs |

(Id. at ¶¶ 20-21.)  Ultimately, however, the District Court entered judgment on or about March 18, 2013, in the following amount:

| | |
|---|---|
| $1,631.09 | Judgment Principal |
| $224.89 | Pre-Judgment Interest |
| $38.00 | Costs |
| $255.00 | Other amounts |

(Id. at ¶ 23.)  Accordingly, the total judgment amount owed to defendant Shamrock was $2,148.00.[2]  (Id. at ¶ 24.)

Plaintiffs allege that by September 3, 2013, they had reduced the total amount owed to $1,583.96 by making $100.00 payments every one to two months following the entry of judgment.  (Id. at ¶ 28.)  Notwithstanding this fact, on or about September 3, 2013, defendant Nagle & Zaller, on behalf of defendant Shamrock, filed a Request for Writ of Execution in the

---

[1] For the purposes of considering defendants' Motion, the undersigned accepts the factual allegations in plaintiffs' Amended Complaint (ECF No. 11) as true.

[2] By the undersigned's calculation, the total amount due was $2,148.98.

District Court[3] which inaccurately stated that the amount of judgment principal previously entered by the court had been $1,866.09, and that plaintiffs still owed $1,748.98 on the total judgment. (Id. at ¶ 29.) Defendants requested that the District Court issue the writ and direct the Sheriff of Anne Arundel County to levy plaintiffs' property, so that defendant Shamrock could obtain the $1,748.98 it claimed was due. (Id.) Plaintiffs allege that when the request for the writ was filed, defendants lacked a good faith basis to believe there was any equity in plaintiffs' property, and, therefore, that there was a possibility of receiving payment through the levy. (Id.)

Plaintiffs were confused by the statements in the writ regarding the amount of money plaintiffs owed on the judgment. (Id. at ¶ 30.) Accordingly, on or about September 11, 2013, plaintiffs filed a motion to clarify the amount of the judgment in District Court.[4] (Id.) The motion stated that defendant Nagle & Zaller had informed plaintiffs they owed $1900.00, and that the request for writ of execution demanded $1,748.98; however, plaintiffs claimed that a lesser amount was due because of the payments they had made. (Id.) Thereafter, on or about September 12, 2013, plaintiffs visited the office of defendant Nagle & Zaller and made a payment of $1,483.96,[5] which defendant accepted. (Id. at ¶ 31.)

Despite this payment, plaintiffs allege that defendants did not file a notice of satisfaction of judgment until approximately January 16, 2014. (Id. at ¶ 32.) Additionally, defendants caused multiple liens to be filed against plaintiffs' property in 2009, 2011, and 2012, but did not correct the land records to reflect that those liens had been released until January 31, 2014. (Id. at ¶¶ 33-34.) Finally, plaintiffs allege that defendants failed to properly credit the payments

---

[3] Neither party has advised whether the writ was in fact issued by the District Court.

[4] Plaintiffs have not advised the undersigned as to the outcome of that motion.

[5] There is a discrepancy between the amount plaintiffs allege they owed and the amount plaintiffs allege they paid defendant Nagle & Zaller to satisfy the judgment. Specifically, plaintiffs allege they reduced the judgment amount to $1,583.96, but paid the "outstanding balance" of $1,483.96. (Pls.' Am. Compl. ¶¶ 28, 31.) This is either a typographical error or plaintiffs paid less than they claim they actually owed.

3

made by plaintiffs on the District Court judgment, which resulted in an overpayment of $215.38. (Id. at ¶ 35.)

Plaintiffs filed this action against defendants in the Circuit Court for Anne Arundel County on February 5, 2014.  (ECF No. 1-2.)  Defendants removed the case to this court, asserting federal question and supplemental jurisdiction.  (ECF No. 2.)

## II.     Standard of Review

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor."  Id. at 244.  Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted).  A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements.  Walters, 684 F.3d at 439.  Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'"  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III.     Discussion

#### A. Res Judicata

Preliminarily, defendants argue that plaintiffs' claims should be dismissed because they are barred by the doctrine of res judicata. (ECF No. 19-1 at 3-5.)  Res judicata would preclude the assertion of plaintiffs' claims if: (1) the parties here are the same or in privity with the parties to an earlier dispute; (2) the claim presented here is identical to one determined in a prior action; and (3) there was a final judgment on the merits.  Colandrea v. Wilde Lake Cmty. Ass'n, Inc., 361 Md. 371, 392 (2000).  Accordingly, "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action and is conclusive, not only as to all matters decided in the original suit, but also as to matters that could have been litigated in the original suit.  Id.

Defendants claim that res judicata is applicable here because both parties were involved in the District Court action, the District Court action also concerned the debt plaintiffs owed to defendant Shamrock, and there was a final judgment issued by the District Court.  (ECF No. 19-1 at 4-5.)  Plaintiffs argue that their claims are not barred by res judicata, because they involve the alleged illegal debt collection that occurred subsequent to the entry of judgment in District Court and, therefore, could not have been litigated in that prior action.  (ECF No. 20 at 21-23.)  This court has previously allowed FDCPA claims to proceed because the alleged violations pertained to the manner in which the debt was collected, not the validity of the underlying debt.  Senftle v. Landau, 390 F. Supp. 2d 463, 469-70 (D. Md. 2005).  Here, plaintiffs do not dispute the fact that defendants obtained a judgment against them in District Court.  Rather, plaintiffs object to defendants' alleged attempt to collect an unjustified amount, a matter that was not litigated in the District Court case.  Accordingly, res judicata does not bar plaintiffs' claims.

B. **Fair Debt Collections Practices Act ("FDCPA") Claim Under §§ 1692d and 1692e (Count One against defendant Nagle & Zaller)**

Plaintiffs' Amended Complaint alleges that defendant Nagle & Zaller violated §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1)[6] of the FDCPA. (Pls.' Am. Compl. ¶ 40.) To prevail on their FDCPA claim, plaintiffs must prove that (1) they were the object of collection activity arising from consumer debt; (2) defendant is a debt collector as defined by the FDCPA; and (3) defendant engaged in an act or omission prohibited by the FDCPA. Stewart v. Bierman, 859 F. Supp. 2d. 754, 759 (D. Md. 2012). The parties agree that the first two elements of plaintiffs' FDCPA claim are satisfied here. (ECF No. 19-1 at 6; ECF No. 20 at 10.) With respect to the third element, plaintiffs allege that defendant violated the FDCPA by: (1) filing a request for writ of execution that misrepresented the amount still due and owing to defendant Shamrock; (2) filing the request when defendant lacked a good faith basis to believe there was any equity in the property or that there was any realistic possibility to obtain any funds from the levy; and (3) failing to properly credit the amount of payments made by plaintiffs on their condominium association dues subsequent to the entry of the District Court judgment, which resulted in defendant attempting to collect amounts not due. (Pls.' Am. Compl. ¶¶ 39-42.) In opposition, defendant argues that plaintiffs have not successfully alleged that it engaged in a prohibited act or omission and, thus, have failed to state a claim for violation of the FDCPA. (ECF No. 19-1 at 6.)

---

[6] Although plaintiff's Amended Complaint alleges violations of §§ 1692e(10), 1692f, and 1692f(1) of the FDCPA (Pls.' Am. Compl. ¶ 40), plaintiffs failed to discuss those claims in their Opposition. Accordingly, the undersigned finds that those claims have been abandoned. Cezair v. JPMorgan Chase Bank, N.A., Civil Action No. DKC-13-2928, 2014 WL 4295048, at *9 (D. Md. Aug. 29, 2014) (citing Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010)). See also, Clear Sky Car Wash, LLC v. City of Chesapeake, Va., 910 F. Supp. 2d 861, 871 (E.D. Va. 2012) ("issues raised in the Complaint but not briefed or argued are considered abandoned").

### 1. Section 1692e

Plaintiffs first claim that defendant violated § 1692e of the FDCPA, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e (West 2015). In particular, a false representation of "the character, amount, or legal status of any debt" is a violation of the FDCPA. 15 U.S.C.A. § 1692e(2)(A) (West 2015). In order to successfully plead a false representation claim under the FDCPA, the plaintiff must show that the alleged false representation was material. Lembach v. Bierman, 528 F.Appx. 297, 302-03 (4th Cir. 2013). A representation is not material, and, therefore, not actionable under § 1962e, if it would not mislead the "least sophisticated consumer," even if the representation is technically false. Id. Indeed, "the mere allegation that a statement is false is insufficient to state a claim for false representation under the FDCPA." Giovia v. PHH Mortg. Corp., No. 1:13cv00577 (LMB/TCB), 2013 WL 6039039, at *7-8 (E.D. Va. Nov. 13, 2013) (dismissing plaintiffs' § 1962e claim because plaintiffs failed to allege how they were misled by defendants' alleged false statement regarding the amount of debt owed). Rather, a misstatement is material only if it "frustrate[s] a consumer's ability to intelligently choose his or her response." Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014) (internal citation omitted).

Plaintiffs allege that defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by filing a request for writ of execution that falsely stated that the amount due on the judgment was $1,748.98, when only $1,583.96 was owed. (Pls.' Am. Compl. ¶¶ 28-29, 40.) According to plaintiffs, they had reduced the amount owed by making $100 payments to defendant every one to two months following the entry of the District Court judgment. (Id. at ¶ 28.) In moving to dismiss, defendant argues that plaintiffs have failed to state a claim under § 1692e because

7

plaintiffs have not explained when those payments were sent, when they were received, or whether they were cashed by defendant. (ECF No. 19-1 at 6.) Plaintiffs also allege that they were "confused" by defendant's false statement and, subsequently, filed a motion to clarify the amount due on the judgment. (Pls.' Am. Compl. at ¶ 30.) Plaintiffs, however, were apparently not misled by defendant's inaccurate statement as to the amount, because plaintiffs only paid the amount they claimed was due on the judgment, not the amount stated on the writ of execution. (Id. at ¶¶ 29-31.) Accordingly, the undersigned cannot conclude that defendant's misstatement was material, as it did not "frustrate [plaintiffs'] ability to intelligently choose [their] response." Powell, 782 F.3d at 126. Plaintiffs' FDCPA claim under § 1692e must be dismissed.

### 2. Section 1692d

Plaintiffs also claim that defendant violated § 1692d of the FDCPA, which prohibits a debt collector from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.A § 1692d (West 2015). Section 1692d deems certain non-exclusive activities to be "per se harassing" including the "use or threats of use of violence, obscene or profane language, coercion, annoying repeated phone calls or phone calls where the caller is not identified, or noncompliant publications of certain debts." Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 779-80 (E.D.N.C. 2011). In general, the activities prohibited by § 1692d concern "tactics intended to embarrass, upset, or frighten a debtor." Id. at 780 (internal citation omitted). Claims asserted pursuant to § 1692d are viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse. Id. at 779 (citing Dorsey v. Morgan, 760 F.Supp. 509, 515 (D. Md. 1991)).

Plaintiffs do not allege that defendant committed any per se violations of § 1692d. Rather, plaintiffs allege that defendant violated § 1692d by attempting to levy property that lacks equity, and for which there is no likelihood of receiving payment. (Pls.' Am. Compl. ¶ 40.) In their Opposition, plaintiffs argue that defendant's conduct was "especially harassing" because plaintiffs had been making regular payments to satisfy the judgment. (ECF No. 20 at 19.) Although an attempt to collect a defaulted debt "will be unwanted by a debtor," and, therefore, has the potential to embarrass or upset, courts have found that a debt collector's reliance on the court system is not an oppressive or abusive tactic under § 1692d of the FDCPA. Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330-31 (6th Cir. 2006) (concluding that filing a debt collection lawsuit does not have the natural consequence of harassing, abusing, or oppressing a debtor). See also, Neild v. Wolpoff & Abramsom, L.L.P., 453 F. Supp. 2d 918, 925 (E.D. Va. 2006) (concluding that "[p]laintiff's allegations that [d]efendants violated the FDCPA merely by attempting to collect a disputed debt do not state a claim upon which relief can be granted"); Watkins v. Peterson Enters., 57 F. Supp. 2d 1102, 1108-09 (E.D. Wash. 1999) (concluding that a debt collector's practice of serving multiple writs of garnishment was a "far cry" from the types of behavior prohibited by § 1692d). At issue here is defendant's request for a writ of execution, which is an authorized method of collecting a debt. Even when viewed from the perspective of a susceptible consumer, however, the undersigned cannot conclude that defendant's use of the court system to collect a valid debt had the "natural consequence" of harassing or abusing plaintiffs. 15 U.S.C.A § 1692d (West 2015). Accordingly, plaintiffs' FDCPA claim under § 1692d must also be dismissed.

## C. Maryland Consumer Debt Collection Act ("MCDCA") Claim Under §§ 14-202(6) and 14-202(8) (Count Two against both defendants)

Plaintiffs' Amended Complaint alleges that both defendants violated §§ 14-202(6) and 14-202(8) of the MCDCA.[7] (Pls.' Am. Compl. ¶¶ 43-48.) First, plaintiffs claim that defendants violated § 14-202(6) by filing a request for writ of execution and attempting to levy plaintiffs' property when defendants had no good faith basis to believe the property had any equity. (Id. at ¶ 46.) Pursuant to § 14-202(6) of the MCDCA, a debt collector must not "[c]ommunicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." Md. Code Ann., Com. Law § 14-202(6) (West 2015). Under the circumstances alleged, plaintiffs claim that the request for writ of execution constitutes a "communication" that was intended to abuse or harass them. (Pls.' Am. Compl. ¶ 46.)

Neither the language of the statute nor the case law interpreting the statute supports plaintiffs' argument. The type of conduct which gives rise to a viable claim under § 14-202(6) involves actual communication with the debtor. See, e.g., Zervos v. Ocwen Loan Servicing, LLC, Civil No. 1:11-cv-03757-JKB, 2012 WL 1107689, at *3, *6 (D. Md. Mar. 29, 2012) (refusing to dismiss plaintiff's § 14-202(6) claim because plaintiff had sufficiently alleged that two letters defendant sent to plaintiff, which falsely represented that plaintiff's home had been foreclosed upon and a sale date had been scheduled, constituted abuse); Akalwadi v. Risk Mgmt. Alts., Inc., 336 F. Supp. 2d 492, 506, 511-12 (D. Md. 2004) (denying summary judgment of defendant's § 14-202(6) claim, where defendant made automated telephone calls to plaintiff over

---

[7] The parties disagree as to whether the MCDCA applies to defendant Shamrock. (ECF No. 19-1 at 7; ECF No. 20 at 28.) The MCDCA applies to any person, including an association, who "collect[s] or attempt[s] to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law §§ 14-201(b), (d) (West 2015). For the purposes of this opinion, the undersigned will assume that defendant Shamrock is subject to the provisions of the MCDCA.

a two month period, with some calls being made on a daily basis and three calls being made within five hours on the same day); Hamilton v. Ford Motor Credit Co., 502 A.2d 1057, 1068 (Md. Ct. Spec. App. 1986) (finding a § 14-202(6) violation where defendant telephoned plaintiff multiple times despite plaintiff's protestations, and at least one of defendant's telephone calls was made late at night).  Here, no such communication is alleged by plaintiffs.  Rather, the conduct at issue is defendants' use of the legal system to collect a valid debt.  Under the facts alleged by plaintiffs, that conduct does not state a cause of action pursuant to § 14-202(6).  Accordingly, plaintiffs' MCDCA claim under § 14-202(6) must be dismissed.

Plaintiffs have also alleged that defendants violated § 14-202(8) of the MCDCA because defendants knowingly filed a request for writ of execution which attempted to seek an amount in excess of what was owed.  (Pls.' Am. Compl. ¶¶ 44-45.)  Section 14-202(8) of the MCDCA prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist."  Md. Code Ann., Com. Law § 14-202(8) (West 2015).  To establish such a claim, plaintiffs must allege: (1) that defendants did not have the right to collect the amount of debt sought, and (2) that defendants attempted to collect the debt knowing they lacked the right to do so.  Pugh v. Corelogic Credco, LLC, Civil Action No. DKC-13-1602, 2013 WL 5655705, at *4 (D. Md. Oct. 16, 2013).  "The key to prevailing on a claim of MCDCA is to demonstrate that [defendants] 'acted with knowledge as to the *invalidity* of the debt.'"  Id. (quoting Stewart, 859 F. Supp. 2d. at 769) (emphasis in the original).

Plaintiffs attempt to establish their § 14-202(8) claim by alleging that defendants did not possess the right to collect an amount in excess of what was owed, and that defendants acted with knowledge that they were seeking an unjustifiable amount.[8]  (Pls.' Am. Compl. ¶¶ 44-45.)

---

[8] Plaintiffs claim that defendants had no right to file a request for writ of execution which sought $1,748.98, when only $1,483.96 remained due and owing.  (Pls.' Am. Compl. ¶¶ 30-31.)

```
```
Case 1:14-cv-00794-BPG   Document 34   Filed 09/03/15   Page 12 of 14

Defendants contest plaintiffs' allegations, however, arguing that even if the writ of execution inaccurately stated the amount due, defendants nonetheless had a right to collect the debt because they obtained a judgment against plaintiffs in District Court. (ECF No. 19-1 at 7.) Plaintiffs have not demonstrated, and do not appear to suggest, that the underlying debt itself was invalid. The alleged discrepancy in the amount of the otherwise valid debt does not constitute a violation of § 14-202(8) – defendants did not attempt to collect an invalid debt. Thus, plaintiffs' claim is missing the key element that the defendants "acted with knowledge as to the *invalidity* of the debt." Pugh, 2013 WL 5655705, at *4. Consequently, plaintiffs have failed to state a claim for violation of § 14-202(8) of the MCDCA and, therefore, this claim must be dismissed.

### D. Maryland Consumer Protection Act ("MCPA") Claim Under § 13-301(14)(iii) (Count Three against defendant Shamrock)

In their Amended Complaint, plaintiffs assert a claim against defendant Shamrock pursuant to the MCPA (Id. at ¶¶ 49-54), which proscribes "[u]nfair or deceptive trade practices." Md. Code Ann., Com. Law § 13-301 (West 2015). To prevail on this claim, plaintiffs must allege: (1) an unfair or deceptive practice or misrepresentation that is, (2) relied upon, and (3) causes them injury. Stewart, 859 F. Supp. 2d at 768. A consumer "'relies on a misrepresentation when the misrepresentation substantially induces the consumer's choice.'" Id. at 769 (quoting Bank of Am., N.A. v. Jill P. Mitchell Living Trust, 822 F. Supp. 2d 505, 532 (D. Md. 2011)). Moreover, the consumer's injury must be "objectively identifiable," "measured by the amount the consumer spent or lost as a result of his or her reliance" on the alleged misrepresentation. Lloyd v. Gen. Motors Corp., 397 Md. 108, 143 (2007).

In support of their MCPA claim, plaintiffs allege that a violation of the MCDCA is a per se violation of the MCPA. (Pls.' Am. Compl. ¶¶ 52-53.) See Md. Code Ann., Com. Law § 13-301(14)(iii) (West 2015). Defendants do not address this allegation, but instead argue that

plaintiffs' MCPA claim fails because plaintiffs have not plead sufficient facts to establish the required elements of reliance and injury.[9] (ECF No. 19-1 at 8-9.) Because plaintiffs' MCDCA claim must be dismissed, however, plaintiffs cannot rely upon it to state a claim for violation of the MCPA. Bey v. Shapiro Brown & Alt, LLP, 997 F. Supp. 2d 310, 319 (D. Md. 2014) ("Because [p]laintiff's MCDCA claim must be dismissed, [p]laintiff cannot rely on it to support his MCPA claim.").

Plaintiffs have also failed to independently state a claim under the MCPA. Specifically, plaintiffs have not plead sufficient facts to establish the elements of reliance and injury necessary for a MCPA claim. First, plaintiffs have failed to establish that they relied on defendant's alleged misrepresentation in the request for writ of execution regarding the amount owed on the judgment. Plaintiffs claim that the request for the writ amounted to a threat that defendant could take plaintiffs' home, and forced plaintiffs to appear at the office of defendant Nagle & Zaller and pay the outstanding balance on the debt. (Pls.' Am. Compl. ¶ 31.) Defendant's alleged misrepresentation as to the amount, however, did not "substantially induce" plaintiffs' decision making, because plaintiffs only paid the lesser amount they claimed was due on the judgment, not the amount demanded by defendant. Stewart, 859 F. Supp. 2d at 769; cf. Bey, 997 F. Supp. 2d at 319 (concluding that plaintiff did not rely on defendants' alleged misrepresentation because plaintiff opposed defendants' requests for payment). Second, plaintiffs have failed to establish that defendant's alleged misrepresentation caused them to suffer an "objectively identifiable" injury. Lloyd, 397 Md. at 143. Indeed, plaintiffs have not identified any injury they suffered as

---

[9] Although defendant summarily notes that MCPA claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) (ECF No. 19-1 at 8), neither party has addressed whether plaintiffs' Amended Complaint satisfies those requirements. See Fed. R. Civ. P. 9(b) (parties alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake"). Accordingly, the undersigned need not decide whether plaintiffs have satisfied Rule 9(b)'s heightened requirements. See, e.g., Bey, 997 F. Supp. 2d at 319 n.8 (declining to decide whether plaintiff's Amended Complaint satisfied the Rule 9(b) pleading standard because it was not raised by either party).

they only paid the amount they believed to be due. Accordingly, plaintiffs' MCPA claim against defendant Shamrock must also be dismissed.

### IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Amended Complaint (ECF No. 19) is GRANTED. A separate order will be issued.


Date:         9/3/2015                                          /s/                                    

                                                                Beth P. Gesner
                                                                United States Magistrate Judge