IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABDUL CONTEH, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No.: BPG-14-794 |
| SHAMROCK COMMUNITY ASSOCIATION, et al. | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The above-referenced case was referred to the undersigned for all proceedings with the parties' consent, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF No. 24.) Currently pending before the court are: (1) Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' Motion") (ECF No. 59);[1] (2) Defendants' Opposition to Plaintiffs' Motion and Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 60); (3) Plaintiffs' Reply in Support of Plaintiffs' Motion (ECF No. 63) (Plaintiffs' Reply); and (4) Defendants' Reply in Opposition to Plaintiffs' Motion and in Support of Defendants' Motion ("Defendants' Reply") (ECF No. 64). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Plaintiffs' Motion is DENIED, and Defendants' Motion is DENIED.

Plaintiffs Abdul and Daday Conteh ("plaintiffs") allege violations of the Fair Debt Collection Practices Act ("FDCA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA") in connection with defendants Shamrock

---

[1] Plaintiffs move for partial summary judgment on all remaining claims with respect to defendant Nagle & Zaller, P.C. only.

1

Community Association, Inc. ("Shamrock") and Nagle & Zaller, P.C.'s ("Nagle") (collectively, "defendants") efforts to satisfy a judgment entered against plaintiffs in the District Court for Anne Arundel County ("District Court") in 2013. On September 3, 2015, this court granted defendants' motion to dismiss plaintiffs' amended complaint (ECF Nos. 34, 35), and plaintiffs timely appealed. On May 19, 2016, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment in part, vacated it in part, and remanded the case for further proceedings. (ECF No. 39.)[2]

In their Motion, plaintiffs argue that the undisputed evidence establishes that defendant Nagle: (1) violated 15 U.S.C. § 1692e (FDCA) when it attempted to file a Request for Writ of Execution (the "Writ") in the District Court that overstated the amount due to defendant Shamrock by $80; and (2) violated 15 U.S.C. § 1692f(1) (FDCA) and Md. Code Ann., Com. Law § 14-202(8) (MCDCA) when it attempted to collect and actually collected an unauthorized $15 filing fee.[3] (ECF No. 59-1 at 11–16.) Defendants contend that the Writ did not contain any unauthorized costs and was accurate at the time it was prepared. (ECF No. 60-1 at 4–5, 8.) Alternatively, defendants argue that, even if the Writ incorrectly stated plaintiffs' outstanding balance, the error did not constitute a material misrepresentation in violation of the FDCA. (Id. at 5–8.)

The court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could

---

[2] Specifically, the Fourth Circuit affirmed this court's dismissal of plaintiffs' claims under 15 U.S.C. § 1692d (FDCA) and Md. Code Ann., Com. Law § 14-202(6) (MCDCA), and vacated this court's dismissal of plaintiffs' claims under 15 U.S.C. § 1692e (FDCA), Md. Code Ann., Com. Law § 14-202(8) (MCDCA), and the MCPA.

[3] More precisely, plaintiffs allege that defendants collected $14.98 more than they were entitled to collect. (ECF No. 59-1 at 16.)

2

return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, the court views all facts and makes all reasonable inferences in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the nonmoving party.  Anderson, 477 U.S. at 252.

I. **PLAINTIFFS' § 1692e (FDCA) CLAIM**

The FDCA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. Whether a communication is false, misleading, or deceptive is determined from the vantage of the "least sophisticated consumer."  Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014).  A misstatement must be material to sustain a claim under section 1692e, meaning that it must be the type of misstatement that "would have been important to the consumer in deciding how to respond to efforts to collect the debt."  Id. at 127.  The Fourth Circuit remanded for consideration of two specific issues:  "[T]he degree to which the amount due on [plaintiffs'] debt was overstated and whether the extent of the overstatement would have been material to the least sophisticated consumer." (ECF No. 39 at 5.)

Plaintiffs argue that defendants overstated plaintiffs' outstanding balance on the Writ by $80, which is an amount "sufficient to be important to how the least sophisticated consumer responds by causing confusion and a potential challenge by the consumer to the writ." (ECF No.

59-1 at 12–13 (quoting ECF No. 39 at 6).) Both parties agree that the Writ stated that plaintiffs owed $1748.98 on the judgment, and that this balance included credit for four previous $100 payments by plaintiffs. Beyond that, however, the parties offer competing accounts of how much plaintiffs actually owed, when defendants received and credited plaintiffs' additional payments, and whether defendants sought to recover any additional costs. The court thus concludes that each party has presented sufficient evidence for a reasonable jury to find in its favor, and therefore neither party is entitled to summary judgment on plaintiffs' FDCA claim.

According to plaintiffs, defendants produced a statement of account (ECF No. 59-3) ("Plaintiffs' Exhibit No. 2") during discovery which showed that plaintiffs initially owed a total balance of $2168.98.[4] (ECF No. 59-1 at 4–5.) Plaintiffs claim that, by July 2, 2013, they had reduced the balance to $1768.98 after making four $100 payments. (Id. at 5.) Plaintiffs further allege that, on July 23, 2013, defendant Nagle added an unauthorized $15 "judgment lien filing fee" to the statement of account, which erroneously increased plaintiffs' balance to $1783.98. (Id.) Plaintiffs claim that Nagle credited another $100 payment on August 12, 2013, thereby reducing the actual balance to $1668.98 (although the statement of account now reflected a total of $1,683.98). (Id. at 6.) Finally, on September 3, 2013, plaintiffs received the Writ[5] stating that plaintiffs owed an outstanding balance of $1748.98, including "$65.00 in court costs for this Writ." (Id.; ECF No. 59-4 at 3.) Plaintiffs argue that the $80 difference between the $1,683.98 they actually owed and the $1748.98 that defendants sought to recover is attributable to the $15

---

[4] The District Court originally entered a judgment of $2148.98, which included $1,631.09 in principal and $224.89 in pre-judgment interest. (ECF No. 59-2.) Plaintiffs' Exhibit No. 2, which is undated, shows $244.89 in a column marked "L/F & INT" and a $2,168.98 balance described as "Judgment through 12/31/12." (ECF No. 59-3.) Plaintiffs presume that defendants added $20 in post-judgment interest to the "L/F & INT" column, but do not appear to dispute that defendants were entitled to collect that amount. (See ECF No. 63 at 5.)

[5] The parties do not dispute the fact that, while defendants purported to serve a copy of the Writ on plaintiffs, the Writ was procedurally defective and never validly executed.

filing fee and the $65 in court costs, neither of which defendants had actually incurred or been validly awarded.[6] (ECF No. 59-1 at 6.)

Defendants contend that the Writ did not contain any misleading or deceptive statements, and have provided sufficient evidence to support their version of the facts. First, defendants claim that Plaintiffs' Exhibit No. 2 is an updated version of the statement of account created after the Writ was prepared, and that an earlier version (ECF No. 60-7) ("Defendants' Exhibit No. 6") formed the basis of the balance asserted in the Writ.[7] (ECF No. 60-1 at 4.) Notably, Defendants' Exhibit No. 6 shows an initial balance of $2148.98 (rather than $2168.98) and does not contain the $15 filing fee or the $65 in court costs.[8] (ECF No. 60-7.) Defendants do not dispute that, as of July 2, 2013, Nagle had received and credited four $100 payments from plaintiffs, but contend that those payments reduced plaintiffs' outstanding balance to $1748.98, as shown in Defendants' Exhibit No. 6. (ECF No. 60-1 at 2.) Defendants also do not dispute that they received a fifth $100 payment from plaintiffs on August 5, 2013, but claim that, "due to normal lag time and processing," Nagle did not credit this payment to the statement of account until after defendants attempted to file the Writ on September 3, 2013. (Id.) Thus, according to defendants, plaintiffs actually owed $1748.98 as of the date the Writ was prepared, and the alleged overstatement merely reflects the pending August 5, 2013 payment. (Id. at 5.)

The numerous discrepancies between the parties' accounting methods clearly demonstrate that a genuine dispute exists as to whether and to what extent defendants materially

---

[6] Citing Shula v. Lawent, 359 F.3d 489, 490–91 (7th Cir. 2004), in which the Seventh Circuit found that defendants' attempts to collect $52.73 in unauthorized court costs violated the FDCA, plaintiffs argue that: (1) court costs do not become a collectible debt until so ordered by the court; and (2) compared to the defendants in Shula, Nagle's attempt to collect $80 in unauthorized costs and fees was necessarily material. (ECF No. 59-1 at 13–16.)

[7] Like Plaintiffs' Exhibit No. 2, Defendants' Exhibit No. 6 is not dated.

[8] Defendants contend that the $65 in court costs referred to in the Writ reflected a typographical error, and that defendants intended to recover that amount *in addition to*, rather than *included with*, the $1748.98 balance. (ECF No. 60-1 at 4.)

5

misstated the amount due on plaintiffs' debt.[9] At the very least, the court is unable to determine, as a matter of law, which of the two undated and apparently authentic statements of account formed the basis of the amount defendants claimed in the Writ. Moreover, there is a factual issue as to whether defendants' alleged overstatement was the result of a typographical or mathematical error by defendant Nagle, or if defendants affirmatively misrepresented the judgment balance in an attempt to collect unauthorized fees. Simply put, the numbers do not add up, and genuine issues of material fact remain for the jury. See Buchanan v. Northland Group, Inc., 776 F.3d 393, 397 (6th Cir. 2015) ("Generally speaking, a jury should determine whether [a debt collection] letter is deceptive and misleading." (internal quotation marks omitted)).

## II.     PLAINTIFFS' § 14-202(8) (MCDCA) CLAIM[10]

Under the MCDCA, a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). A debt collector may violate this provision by, for example, placing a lien on the debtor's property for an amount in excess of that to which the debt collector is rightfully entitled, when the excess amount claimed is attributable to an unauthorized processing fee. See Allstate Lien & Recovery Corp. v. Stansbury, 101 A.3d 520, 529–30 (Md. Ct. Spec. App. 2014), aff'd, 126 A.3d 40 (Md.

---

[9] In addition to the parties' contentions, other factual issues remain that the parties have not fully addressed—for example, whether defendants were entitled to claim post-judgment interest.

[10] In this court's Memorandum Opinion granting defendants' motion to dismiss, the undersigned noted that plaintiffs had abandoned their 15 U.S.C. § 1692f(1) (FDCA) claim when they failed to raise it in their opposition. (ECF No. 34 at 6 n.6.) Although the Fourth Circuit did not address this ruling in its opinion, plaintiffs have revived the 1692f(1) claim in their pending Motion. Defendants have not responded to the revived claim in their Cross-Motion. Although it is unclear whether or not the Fourth Circuit's silence amounts to an affirmance of this court's ruling on plaintiffs' 1692f(1) claim, in any case, the issue has not been fully briefed and summary judgment is therefore inappropriate. If plaintiffs persist in reasserting this claim, they will be required to brief the court on the basis of its continued viability in light of prior rulings. In addition, as previously noted, the Fourth Circuit vacated this court's dismissal of plaintiffs' MCPA claim, and neither party has addressed the MCPA claim in their Motion. Because a violation of the MCDCA is also a violation of the MCPA, however, this court would be disinclined to grant summary judgment to either party on plaintiffs' MCPA claim for the reasons discussed herein. See Md. Code Ann., Com. Law § 13-301(14)(iii) (violation of the MCDCA is a violation of the MCPA).

2015).  Citing Shula, plaintiffs claim that defendants violated section 14-202(8) by attempting to collect the $15 "judgment lien filing fee" that had never been validly awarded by the court. (ECF No. 59-1 at 16.)  Defendants dispute that plaintiffs were actually charged the filing fee, but also suggest in their Reply that Maryland law authorizes judgment creditors to recover administrative costs without prior court order.  (ECF No. 64-1 at 1–2 (citing Md. Rules, Rule 3-603).)  Thus, it is apparent from the record that plaintiffs' claim under the MCDCA arises out of the same disputed facts as plaintiffs' claim under the FDCA.  Accordingly, the court declines to grant summary judgment in favor of either party on this claim.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (ECF No. 59) is DENIED, and Defendants' Motion (ECF No. 60) is DENIED, as set forth above.


Date: January 26, 2017                            / s /
                                          Beth P. Gesner
                                          United States Magistrate Judge