UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

April 7, 2017

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

Re: *Conteh, et al. v. Shamrock Community Association, Inc., et al.*
Civil No. BPG-14-794

Dear Counsel:

The above referenced case has been referred to me to conduct a settlement conference. Please be advised I am scheduling the settlement conference for **Thursday, June 29, 2017 at 10:00 a.m.** and it will be held in my chambers (Room 8B). **All parties should arrive by 10:00 a.m. so that we may begin promptly.** Please note that three hours have been set aside for the conference and those in attendance should plan accordingly. Counsel should expect a telephone call from me within a few days of the settlement conference. If any of you have a conflict with the date of the settlement conference, you should submit a letter to my chambers, within one week of this letter, requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties. Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with **complete authority** to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference, including other counsel*.[1] Attendance by the attorney for a party is not sufficient.

No later than **Thursday, June 15, 2017,** I would like to receive by regular mail, hand delivery, or email (mdd_adcchambers@mdd.uscourts.gov), a short ex parte letter, **NOT TO EXCEED FIVE PAGES,** from each party candidly setting forth the following:

(1) facts you believe you can prove at trial;

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

Civil No. BPG-14-794
April 7, 2017
Page 2

    (2)    the major weaknesses in **each** side's case, both factual and legal;

    (3)    reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a copy of the motion(s) and the paper number(s) and highlight and tab the relevant portions);

    (4)    an evaluation of the maximum and minimum damage awards you believe likely;

    (5)    the history of any settlement negotiations to date;

    (6)    estimate of attorneys' fees and costs of litigation through trial; and

    (7)    the name and title of the individual(s) who will be attending the conference.

If you want me to review any deposition excerpts or exhibits, attach a hard copy to your letter. **For all attachments which are more than two pages in length (particularly deposition excerpts) place them in a binder, with a table of contents, and highlight and tab the portions that you want me to review**. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify them. A paper copy of all attachments exceeding 15 pages should be mailed or hand delivered to chambers.

Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, I require that the plaintiff submit a written itemization of damages and a settlement demand to the defendant no later than one month prior to the settlement conference. The defendant shall submit a written offer to the plaintiff and any alternate itemization of damages within one week of receiving the demand or no later than three weeks prior to the settlement conference, whichever is later. Thereafter, the parties should continue to engage in negotiations. **The correspondence between the parties shall be included with the ex parte letters submitted to the Court. Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

PLEASE NOTE: Counsel do not need to prepare an opening statement for the settlement conference.

Civil No. BPG-14-794
April 7, 2017
Page 3

The American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge

cc: Court File